IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No.<br>)<br>) |
| CYNTHIA J. KOROLL and ROCA LABS, INC., | )<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY ("MLM"), by and through its attorneys, Cray Huber Horstman Heil & VanAusdal, LLC, pursuant to 28 U.S.C. §§ 2201 and 2202, and for its Complaint for Declaratory Judgment against Defendants CYNTHIA J. KOROLL and ROCA LABS, INC., states as follows:

### I. JURISDICTION

1. The jurisdiction of the Court is premised upon 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

### II. VENUE

2. Venue is premised upon 28 U.S.C. § 1391(b)(2) and (b)(3) in that a substantial part of the events or omissions giving rise to suit occurred in this District, and Defendant CYNTHIA J. KOROLL is subject to personal jurisdiction in this District.

## III. THE PARTIES

3. MLM is a Minnesota corporation, with its principal place of business in Minneapolis, Minnesota. At all times relevant, MLM was authorized to issue policies of lawyers professional liability insurance in the State of Illinois. MLM issued a certain policy of lawyers professional liability insurance as more fully detailed herein.

4. At all times relevant, Defendant CYNTHIA J. KOROLL was a lawyer having a principal place of business in Rockford, Illinois.

5. At all times relevant, Defendant ROCA LABS, INC. was a Florida corporation having its principal place of business in Sarasota, Florida. ROCA LABS, INC. is a necessary party to this action and is named as a nominal defendant. Upon its written agreement to be bound by the outcome of this action, MLM will voluntarily dismiss it.

## IV. THE UNDERLYING LAWSUIT

6. On or about March 11, 2016, ROCA LABS, INC. filed its Second Amended Complaint against KOROLL in the 13th Judicial Circuit in and for Hillsborough County, Florida (the "ROCA lawsuit"). A copy of the ROCA lawsuit, with exhibits, is attached as Exhibit A.

7. According to the Second Amended Complaint in the ROCA lawsuit, KOROLL entered into an agreement on or about May 12, 2015 whereby KOROLL agreed to provide legal representation to ROCA LABS, INC. The ROCA lawsuit alleges, among other things, that KOROLL failed to use the appropriate time tracking software, mishandled travel advance funds, refused to provide adequately detailed time entries, improperly terminated the agreement and improperly filed a unilateral motion to withdraw from a case. The pleading further alleges that KOROLL thereafter sent a "barrage of offensive, anti-semitic, and threatening texts, emails, tweets and instant messages to and about Roca representatives and attorneys…"

8. The Second Amended Complaint in the ROCA lawsuit contains two counts. Count I pleads breach of contract, and Count II pleads legal malpractice. The prayer for relief seeks damages, statutory interest, attorney's fees and costs.

## V. THE MLM POLICY

9. MLM issued Policy No. 37838-4 to Koroll Litigation Group, Ltd. (the "MLM policy"). The MLM policy provided claims-made coverage and was effective from April 17, 2015 to April 17, 2016. CYNTHIA J. KOROLL is named as an insured under the MLM policy. A true and accurate copy of the MLM policy is attached as Exhibit B.

10. The MLM policy provided coverage subject to the following relevant terms and conditions:

**DEFENSE AND SETTLEMENT**

\* \* \*

The INSURED [CYNTHIA J. KOROLL] must cooperate with US [MLM] in the investigation and defense, without charge by the INSURED or reimbursement of the INSURED's expenses, subject to the Supplementary Payment provisions of this policy.

## VI. BASIS FOR RELIEF

11. MLM owes no duty to defend or indemnify CYNTHIA J. KOROLL against the ROCA lawsuit under the terms of the MLM policy because CYNTHA J. KOROLL has breached her duty to cooperate with MLM in connection with the ROCA lawsuit for reasons including but not limited to the following:

    a. failing and refusing to cooperate with the first attorney retained by MLM to defend KOROLL against the ROCA lawsuit, to the extent that he withdrew his appearance after being unable to resolve disagreements with KOROLL;

3

  b. failing and refusing to cooperate with a second Florida attorney candidate arranged by MLM who declined to represent KOROLL after initial discussions with her;

  c. KOROLL's alleged anti-semitic statements caused a third Florida attorney candidate arranged by MLM to decline representation of her in the Roca lawsuit; and

  d. failing and refusing to communicate with a fourth Florida attorney candidate arranged by MLM, after KOROLL repeatedly represented to MLM that she would do so.

12. MLM has communicated both orally and in writing with KOROLL on numerous occasions and has made numerous, diligent attempts to obtain KOROLL's cooperation. The contents of these communications are known to KOROLL.

13. In addition, MLM has advised KOROLL on numerous occasions, both orally and in writing, of the potential consequences of her failure to cooperate, including the loss of her policy benefits.

14. KOROLL's actions and failures to act, including her failure to cooperate in the defense of the ROCA lawsuit, which failure to cooperate is ongoing as of the filing of this Complaint, have substantially prejudiced and compromised MLM's ability to defend KOROLL against the ROCA lawsuit.

15. KOROLL disputes the position of MLM as set forth above.

16. An actual controversy exists between the parties concerning coverage, if any, provided by the MLM policy for the ROCA lawsuit. Pursuant to 29 U.S.C. §§ 2201 and 2202, this Court is vested with the power to determine and adjudicate the rights and obligations of the parties.

## VII. PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth above, Plaintiff MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY prays that this Court enter judgment finding and declaring that MLM owes no duty to defend or indemnify CYNTHIA J. KOROLL against the ROCA lawsuit filed by ROCA LABS, INC., further finding and declaring that MINNESOTA LAWYERS INSURANCE COMPANY has no obligation to ROCA LABS, INC. in connection with the ROCA lawsuit, and for such other and further relief as this honorable Court deems just and proper under all the evidence and circumstances.

s/ Jeffrey A. Siderius
One of the Attorneys for Plaintiff,
Minnesota Lawyers Mutual Insurance Company

Jeffrey A. Siderius – (ARDC # 6198107)
Melissa H. Dakich – (ARDC # 6244437)
Cray Huber Horstman Heil & Van Ausdal LLC
303 W. Madison Street, Suite 2200
Chicago, Illinois 60606
(312) 332-8450